IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHELLE PETERS, | Case No.: 8:23-cv-493 |
| Plaintiff, | |
| vs. | |
| | **COMPLAINT** |
| CITY OF OMAHA, MAYOR JEAN STOTHERT, IN HER OFFICIAL AND INDIVIDUAL CAPACITIES, DEBORAH SANDER, IN HER OFFICIAL AND INDIVIDUAL CAPACITIES, | **AND JURY DEMAND** |
| | Place of Trial: Omaha, Nebraska |
| Defendants. | |

COMES NOW Plaintiff, Michelle Peters, by and through her attorneys, and for her cause of action against the City of Omaha, Mayor Jean Stothert, and Deborah Sander, states the following:

## I. INTRODUCTION

1. This is an action under Title VII of the Civil Rights Act, as Amended, and the Nebraska Fair Employment Practice Act challenging the City of Omaha's unlawful discrimination against Plaintiff, Michelle Peters on the basis of her sex.

2. Ms. Peters is a 26-year public servant, who has dedicated her life to the City of Omaha Law Department. Ms. Peters has handled dozens of jury trials in state and federal court, is currently the only attorney in the City of Omaha Law Department with federal civil jury trial experience, and has overseen civil litigation for the City of Omaha for the past decade. During this time, Ms. Peters was responsible for and gained experience assigning cases, mentoring and advising less senior attorneys, and assisting in the direction of litigation for the City of Omaha. Ms. Peters is also responsible for advising the Omaha Police Department, the Parks, Recreation and Public Property Department, the Omaha Public Library and other city departments on a wide variety of complex legal issues. Despite Ms. Peters' qualifications and superior performance in all objective assessments of the application process for the vacant City Attorney position, the City of Omaha, through Mayor Jean Stothert, selected a less qualified male candidate for the role.

## II.  PARTIES

2. Plaintiff Michelle Peters ("Ms. Peters") is a resident of Douglas County, Omaha, Nebraska.

3. Defendant City of Omaha is a political subdivision in Douglas County, Nebraska with its central offices at 1819 Farnam Street Omaha, NE 68183.

4. At all relevant times, the City of Omaha employed at least fifteen or more employees for each working day in each of twenty or more calendar week within the appropriate time periods pursuant to the Nebraska Fair Employment Practices Act and Title VII of the Civil Rights Act of 1964, as Amended.

5. During all relevant time periods, the City of Omaha employed more than 500 employees.

6. Defendant Mayor Jean Stothert ("Stothert") is a resident of Douglas County, Omaha Nebraska. During all relevant times she was the Mayor of the City of Omaha.

7. Defendant Deborah Sander ("Sander") is a resident of Nebraska. During all relevant times she was the Human Resources Director for the City of Omaha.

## III.  JURISDICTION AND VENUE

8. This court has original jurisdiction over Ms. Peters' claims under Title VII of the Civil Rights Act, because those claims arise under federal law. This court has supplemental jurisdiction over Ms. Peters' state law claims.

9. Venue is proper in Douglas County, Nebraska, as it is the county where a substantial portion of the events at issue occurred.

## IV.  ADMINISTRATIVE PROCESS

10. On January 18, 2022, within 300 days of the acts of which she complains, Ms. Peters dual filed her Charge of Discrimination with the Nebraska Equal Opportunity Commission ("NEOC") (Charge No. NEB 1-21/22-2-52490-RS) and Equal Employment Opportunity Commission ("EEOC") (Charge No. EEOC 32E-2022-00204).

11. On August 7, 2023, the NEOC issued its determination on Charge No. NEB 1-21/22-2-52490-RS. Ms. Peters received the NEOC determination on August 11, 2023.

12. On September 14, 2023, the EEOC issued its Notice of Right to Sue for Charge No. 32E-2022-00204.

## V. FACTUAL BACKGROUND

13. Ms. Peters is a woman who has worked for the City of Omaha Law Department ("Law Department") for 26 years. She has served as an Assistant City Attorney for the City of Omaha since August 18, 1997. She was promoted to Deputy City Attorney on November 23, 2015.

14. On December 11, 2020, City Attorney Paul Kratz retired from his position leading the Law Department.

15. It is Ms. Peters' belief that Mr. Kratz recommended that the Mayor appoint someone from outside the Law Department Civil Division to act as interim City Attorney so that no one currently serving in the Law Department Civil Division would gain an unfair advantage in the hiring process for Mr. Kratz's position.

16. Mayor Jean Stothert named Matt Kuhse ("Mr. Kuhse") Interim City Attorney in January 2021.

17. Prior to appointing Mr. Kuhse as Interim City Attorney, the City, through Human Resources Director, Deb Sander, changed the requirements for the City Attorney position so Mr. Kuhse could meet the minimum qualifications for the interim role. Specifically, the City changed several of the "Required Knowledge, Skills and Abilities" of the City Attorney position adding the phrase "or the ability to lean." For example, instead of requiring "Knowledge of the City ordinances and accepted legal and court interpretations;" the requirement was changed to "Knowledge of *or the ability to learn* City ordinances and accepted legal and court interpretations." In addition, they changed another requirement from "Ability to present and argue cases in court," to "Ability to *supervise and evaluate presentations* and arguments in court." (emphasis added). Mr. Kuhse had no civil litigation nor civil trial experience before assuming the Interim City Attorney role. Prior to his appointment as Interim City Attorney, Mr. Kuhse was the City Prosecutor for the City of Omaha. His prior experience was in the Douglas County Attorney's office handling criminal matters only.

18. When Mr. Kuhse first stepped into the Interim City Attorney position, he told Ms. Peters and her co-worker Bernard in den Bosch, "you'll have to help me out, because I don't know what I'm doing."

19. The City of Omaha originally posted the permanent City Attorney position in January 2021.

20. Ms. Peters applied for the permanent City Attorney position. Mr. Kuhse did not apply for the position in January 2021. Although there were several qualified applicants for the position, Mayor Jean Stothert ("Mayor Stothert") pulled the posting after the application process had already begun.

21. Ms. Peters is not aware of any other situation where the City of Omaha pulled a job posting for a leadership position where applicants had already submitted applications and Training and Experience forms had been disseminated.

22. The City Attorney position was re-posted in July 2021, and Ms. Peters reapplied.

23. Mr. Kuhse applied for the re-posted position, and stated he did so at the strong urging of Mayor Jean Stothert.

24. At the time he applied for the re-posted position, the majority of Mr. Kuhse's experience for the position was based on his seven months in the appointed Interim City Attorney role, a position he lacked the minimum qualifications to assume prior to the City of Omaha amending the qualifications to allow for Mr. Kuhse's appointment.

25. To Ms. Peters' knowledge, she ranked first in the application process after submitting her Training and Experience forms.

26. On September 9, 2021, the City of Omaha interviewed Ms. Peters before an all-male panel, which included Mayor Stothert's Chiefs of Staff, Tom Warren and Keith Station, as well as Mayor Stothert's friend and campaign contributor, John Fullencamp and OPPD Labor Relations Director Steve Kerrigan.

27. After the panel interview and Training and Experience form submission, Ms. Peters still ranked first out of all candidates for the City Attorney position.

28. Ms. Peters sat for a final, personal interview with Mayor Stothert and four others on September 19, 2021.

29. Ms. Peters interviewed strongly and remained the most qualified candidate.

30. Ms. Peters previously served on an interview panel for a position with the City of Omaha where similar questions were asked the applicant, and Ms. Peters used those questions to prepare for her interview, so she was well-prepared for all interview questions.

31. Nonetheless, on October 7, 2021, HR Director Deb Sander told Ms. Peters that the City of Omaha selected Mr. Kuhse for the permanent City Attorney position.

32. According to Mayor Stothert, she did not want Ms. Peters for the position because Ms. Peters allegedly failed to make eye contact with Mayor Stothert during the personal interview.

33. Ms. Peters is an experienced litigator with extensive jury trial experience. She is also an instructor at the Omaha Police Academy. She made eye contact with all interviewers, including Mayor Stothert, during the personal interview.

34. Mr. Kuhse would not have been qualified for the position had he not already served as Interim City Attorney for the previous nine months, as he had no civil litigation experience, had no experience advising the Mayor, the City Council or any City department except for minor prosecutorial related issues.

35. Ms. Peters was more qualified than Mr. Kuhse for the position because she had institutional knowledge of the department, extensive civil litigation experience specific to the City of Omaha, including acting as lead council in multiple civil trials, and already held leadership responsibilities within the department.

36. In hiring a significantly less experienced male candidate for the City Attorney position, despite Ms. Peters having decades of experience in civil litigation working in the Law Department, advising the Mayor, City Council, and other city departments, Mayor Stothert and the City of Omaha discriminated against Ms. Peters based on her sex.

37. Ms. Peters continues to serve as Deputy City Attorney in the Law Department.

## VI.  CAUSES OF ACTION

### CLAIM I

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### & NEBRASKA FAIR EMPLOYMENT PRACTICES ACT
### PROHIBITION ON DISCRIMINATION ON THE BASIS OF SEX
### (Disparate Treatment)

38. Plaintiff incorporates paragraphs 1 through 37 by this reference as if fully set forth.

39. Title VII of the Civil Rights Act and the Nebraska Fair Employment Practices Act prohibit discrimination on the basis of sex.

40. Ms. Peters is a woman.

41. Ms. Peters was qualified and applied for the available City Attorney position twice, and on both occasions she was the most qualified applicant.

42. Ms. Peters is qualified for City Attorney position due to her many years of service, as reflected in her superior scores on the Training and Experience portion of the application process, as well as her extensive civil litigation experience.

43. Ms. Peters remained the top-ranked candidate based on all objective measures.

44. The City of Omaha selected Mr. Kuhse, a man, for the position, despite his lack of experience in civil litigation, the majority of which he was only able to gain due to the City of Omaha appointing him to the Interim City Attorney position.

45. The City of Omaha's stated reason for selecting Mr. Kuhse over Ms. Peters – that Ms. Peters failed to make eye contact during the interview portion of the selection process – is false and is a pretext for unlawful discrimination.

WHEREFORE, Plaintiff Michelle Peters demands judgment against Defendant City of Omaha in an amount which will fully and fairly compensate her for her general and special damages, for appropriate equitable relief, for interest as allowed by law, for attorneys' fees, for the costs and expenses of this action, expert fees, and for such other relief as may be just in the circumstances.

## CLAIM II

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## & NEBRASKA FAIR EMPLOYMENT PRACTICES ACT
## PROHIBITION ON DISCRIMINATION ON THE BASIS OF SEX
### (Disparate Impact)

46. Plaintiff incorporates paragraphs 1 through 45 by this reference as if fully set forth.

47. Title VII of the Civil Rights Act prohibits discrimination based on disparate impact.

48. The City of Omaha has a facially neutral employment policy as set forth in Section 23-237 of the Omaha Municipal Code relating to hiring provisional employees. That Section provides:

> When there is no appropriate list available, or for the purpose of filling the position of an employee in the classified service who is on extended leave of absence, the director may authorize the provisional appointment of a person meeting the prerequisites for the class to which the position is allocated. Any such provisional appointment shall terminate not later than 30 days after the establishment by the director of an appropriate eligibility list. Any time served by an employee under a provisional appointment may, with the approval of the director, be deducted from the probationary period if the employee is subsequently appointed from a list to the same or another position.

49. Although facially neutral, when Section 23-237 is applied, it allows a hiring manager to place an unqualified or minimally qualified person in a provisional/interim/temporary position for an unspecified period of time, allowing the individual to gain the necessary skills, abilities, qualifications, and experience for the position. As a result, when the person applies for the posted/permanent position, they are almost certain to be hired because they have gained the actual experience by serving in the interim position.

50. The practice of provisionally hiring individuals into these interim roles has a disproportionately adverse impact on women.

51. In the City Law Department every provisional appointment over the last ten years (2013-2023) has been a (white) male and every one of those provisional appointees were ultimately hired for the permanent position to which they were provisionally appointed.

52.  This means Section 23-237 has been applied to provide men an advantage in the hiring process 100% of the time it has been applied. The men provisionally appointed include:

> Matt Kuhse
> Kevin Slimp
> Phil Kleine
> Jared Dean
> Brent Quandt
> Michael Florence

53.  Every one of the men identified in the preceding paragraph were placed in interim/provisional positions and were then selected for the subsequent job opening for a permanent position. In each instance, one or more women applied for the permanent position, but were passed over for the man that the City of Omaha appointed to the interim/provisional position.

WHEREFORE, Plaintiff Michelle Peters prays for judgment against Defendant City of Omaha in an amount which will fully and fairly compensate her for her general and special damages, for appropriate equitable relief, for injunctive relief, enjoining Defendants from continuing to apply Section 23-237 in a way that places women at a disadvantage in the hiring and/or promotional process, for interest as allowed by law, for attorneys' fees, for the costs and expenses of this action, expert fees, and for such other relief as may be just in the circumstances.

## CLAIM III

### VIOLATION OF THE EQUAL PROTECTION CLAUSE OF
### THE UNITED STATES CONSTITUTION
### (City of Omaha)

54.  Plaintiff incorporates paragraphs 1 through 53 by this reference as if fully set forth.

55.  Defendant City of Omaha through its agents, servants, and employees, including but not limited to, Defendants Mayor Jean Stothert and Deborah Sander, in their official capacities, established an official policy, practice, or custom of reckless and deliberate indifference regarding the discriminatory treatment of women in hiring and promotional decisions.

56.  Defendant City of Omaha discriminated against Plaintiff and others by establishing, maintaining, and enforcing policies which create or foster discrimination against women.

57. In the alternative, if the discriminatory practice of establishing, maintaining, and enforcing policies which create or foster discrimination against women in employment were not official policies, it was a practice, procedure, or custom of which Defendant City of Omaha and its policy makers had actual or constructive knowledge was discriminatory. Defendant City of Omaha failed to adequately train employees regarding discrimination and/or ratified the illegal actions of the employees of the City of Omaha.

58. Plaintiff was subject to this official policy or custom while she was employed by the City of Omaha.

59. Defendant City of Omaha's policy, custom, or practice in general, and as applied to Amanda in particular, was purposeful and intentional; and/or the Defendant's policymakers were aware or should have been aware of the unconstitutional conduct; City of Omaha failed to train its employees to follow the law; City of Omaha's policymakers ratified the conduct of their subordinates; and/or City of Omaha's policymakers condoned or turned a blind eye to the unlawful conduct.

60. Defendant City of Omaha deprived Plaintiff of her right to be free from sex discrimination, secured by the Equal Protection Clause of the United States Constitution, which was clearly established at all times material hereto.

WHEREFORE, Plaintiff Michelle Peters prays for judgment against Defendant City of Omaha, in an amount which will fully and fairly compensate her for her injuries and damages, for attorneys' fees and costs, for interest as allowed by law, and for such other and further relief as is just in this case.

### CLAIM IV

### VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION
### (Mayor Jean Stothert and Deborah Sander)

61. Plaintiff incorporates paragraphs 1 through 60 by this reference as if fully set forth.

62. Defendants Mayor Jean Stothert and Deborah Sander, in their individual capacities, deprived Plaintiff of rights protected by the Equal Protection Clause of the United States Constitution by establishing, maintaining, or enforcing policies which create or foster a discriminatory working environment on the basis of sex, by discriminating against women.

63. In the alternative, if the acts complained of were not committed by the individual Defendants pursuant to an official policy, practice or custom of the Defendant the City of Omaha, they were committed by Mayor Jean Stothert and Deborah Sander with the purpose and intent of creating or fostering discriminatory working conditions, by treating women differently than other similarly situated employees; and/or by turning a blind eye or condoning the illegal conduct of their subordinates.

64. Defendants Mayor Jean Stothert and Deborah Sander acted under color of law and did not have the discretion to act in an unlawful manner.

65. Defendants Mayor Jean Stothert and Deborah Sander deprived Plaintiff of her right to be free from sex discrimination, secured by the Equal Protection Clause of the United States Constitution, which was clearly established at all times material hereto.

66. Defendants Mayor Jean Stothert and Deborah Sander acted with reckless or deliberate indifference to the rights of Plaintiff, which were clearly established under the law, and with malice.

67. Plaintiff has been damaged as a direct and proximate result of Defendants Mayor Jean Stothert's and Deborah Sander's acts and omissions.

WHEREFORE, Plaintiff Michelle Peters prays for judgment against Defendants Mayor Jean Stothert and Deborah Sander, in an amount which will fully and fairly compensate her for her injuries and damages, for attorneys' fees and costs, for interest as allowed by law, and for such other and further relief as is just in this case.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Ms. Peters respectfully requests that this court order Defendant to pay Ms. Peters back pay, front pay, loss of earning capacity, loss of reputation, compensatory damages, consequential damages, punitive damages, in amounts to be proven at trial, and all other affirmative and equitable relief necessary to eradicate the effects of Defendant's unlawful employment practices; including a permanent injunction enjoining Defendants from utilizing Section 23-237 in a way that discriminates based on sex, award Ms. Peters her reasonable attorneys' fees, expert witness fees, and costs of this action; and grant such further relief as the Court deems necessary and proper under the law.

## VIII.  JURY DEMAND & PLACE OF TRIAL

 Plaintiff requests a trial by jury in Omaha, Nebraska.

Dated this 8th day of November 2023.

       MICHELLE PETERS, Plaintiff

   BY: *s/ Alexis S. Mullaney*
      Alexis S. Mullaney, #25908
      Kelly K. Brandon, #20734
      Fiedler Law Firm, PLC
      17330 Wright Street, Suite 102
      Omaha, NE 68130
      (402) 316.3060
      (402) 513.6501 (F)
      alexis@employmentlawnebraska.com
      ATTORNEYS FOR PLAINTIFF